IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 2 3 2005
CLERK, U.S. DISTRICT COURT
By _____
          Deputy

| | | |
|---|---|---|
| ALVIN JOSEPH, | § | |
|     Plaintiff, | § | Civil Action No. 2:04CV-313-J |
| | § | |
| v. | § | |
| | § | |
| JOHN E. POTTER, POSTMASTER | § | |
| GENERAL, UNITED STATES | § | |
| POSTAL SERVICE, | § | |
|     Defendant. | § | |

### DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, AND BRIEF IN SUPPORT

COMES NOW John E. Potter, in his official capacity as the Postmaster General, United States Postal Service, by and through the United States Attorney for the Northern District of Texas, and respectfully submits this Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant has separately submitted an Appendix in Support of his Motion to Dismiss, which is referenced in the body of this Motion. Defendant would show the Court as follows:

### PRELIMINARY STATEMENT

For his jurisdictional statement, Plaintiff claims he "filed discrimination against the United States Postal Service Injury Compensation." *See* Plaintiff's Complaint. He states his "complaint" is that the Injury Compensation Office misrepresented his claim by altering documents, falsifying statements, and

concealing medical records. *Id.* Due to these alleged "discriminatory" acts by the Injury Compensation office, Plaintiff seeks damages. *Id.* While somewhat lengthy, the procedural history of Mr. Joseph's Office of Worker's Compensation (OWCP) claim is relevant to understanding the nature of his claim. Defendant provides the following synopsis.

Alvin Joseph is a 49 year old African-American male who works as a limited duty mail processing clerk in Amarillo, Texas, at the Amarillo Post Office. (Appendix, pp. 36, 41.)[1] Mr. Joseph filed several claims with the Department of Labor (DOL) for the same alleged injury to his right knee. The original claimed date of injury was sometime in April 1990, DOL claim 16-0267550. Mr. Joseph filed his original claim for the injury on September 6, 1995. (App. p. 5.)[2] On March 12, 1996, DOL issued a Decision denying Mr. Joseph's claim (p. 7) because the evidence submitted failed to establish that an injury was sustained (p. 9). He submitted a request for reconsideration sometime before November 15, 1996 (p. 10). On January 9, 1997, Kathryn Hall, DOL Senior Claims Examiner, found that the evidence of record did not establish his condition was causally related to his employment (p. 19, 4th ¶; p. 11). Mr. Joseph requested a second

---

[1] As demonstrated at p. 5 of this Brief, the Court may consider matters outside the pleadings in determining the existence of subject matter jurisdiction.

[2] Documents contained in the Appendix come from either Plaintiff's Injury Compensation File or his EEO file. Defendant will cite only the Appendix page number, contained in the lower left hand corner.

**Defendant's Motion to Dismiss - Page 2**
d:fed/psus/joseph/dismiss.wpd

reconsideration on January 21, 1997, which was denied on February 11, 1997 (p. 16).

Mr. Joseph apparently filed a second claim for this injury, DOL claim 16-2011985, on October 25, 2000. On April 13, 2001, this claim was denied as untimely filed (p. 21). On April 17, 2001, Mr. Joseph requested all documents in DOL's possession relating to claims 16-2011985 and 16-0267550 (p. 24). On February 8, 2002, DOL determined the Decision in 16-2011985 was erroneous and reversed because the merits of the claim were already adjudicated in claim 16-267550 and that no further action should be taken as a result (p. 25). On April 9, 2002, apparently in response to a request for reconsideration of the 16-2011985 Decision, DOL sent Mr. Joseph a letter notifying him his claim remained denied as a result of the February 8, 2002 Decision (p. 28).

On August 25, 2003, Mr. Joseph filed a CA-2, Notice of Occupational Disease and Claim for Compensation, for degenerative arthritis (right knee) (p. 30). He noted on his claim that "Notice has been filed / claim was denied????" The Agency challenged the claim for FECA benefits because "a notice must be filed within three years of the onset of the condition. This claim has been previously denied. Treating physician state (sic) this is not caused by claimant's employment. . . ." (p. 31). On October 15, 2003, Mr. Joseph wrote Paula Lozano, USPS Injury Compensation Specialist, complaining that the information entered on the CA-2 was provided under false pretense, that he felt it amounted to

falsifying documents, and that Injury Comp should be held accountable (p. 32). On December 23, 2003, Gary Bender, Injury Compensation Specialist, sent Mr. Joseph an email explaining the then status of his claims with DOL: 1) DOL no longer recognized claim 16-2011985 as a separate claim for injury to his right knee; and 2) providing Mr. Joseph guidance on the medical information he would need to support his claims (p. 33).[3] The record is replete with evidence that Mr. Joseph engaged in an interactive process with DOL regarding his claims. *See* Joseph's memo to OWCP, p. 34.

The alleged discriminatory incident occurred on December 23, 2003 (p. 36). Mr. Joseph made initial contact with an EEO counselor on January 9, 2004. *Id.* He had his initial interview on January 21, 2004. *Id.* He filed his formal complaint on January 29, 2004, claiming the Fort Worth Injury Compensation Office mishandled his injury claim, resulting in its denial (p. 39). Mr. Joseph sought reimbursement for all medical expenses related to his "OJI", and $300,000 in compensatory damages. *Id.* On March 18, 2004 the Agency issued a Final Agency Decision (FAD) dismissing the complaint as a collateral attack on the OWCP decision making process (p. 41). On March 26, 2004, Mr. Joseph appealed the Agency's dismissal to the EEOC, Office of Federal Operations (OFO), again clearly attacking the actions of the Fort Worth Injury Compensation Office (p. 45).

---

[3]This is the agency action complained of by Plaintiff herein. *Id.; see also* p. 41.

**Defendant's Motion to Dismiss - Page 4**
d:fed/psus/joseph/dismiss.wpd

On July 29, 2004, the OFO affirmed the Agency's dismissal, holding that the "Commission has consistently held that an employee cannot use the EEO complaint process to lodge a collateral attack" on the Department of Labor's OWCP claim division (pp. 48-49). On August 31, 2004, Mr. Joseph submitted a request for reconsideration (p. 52). On September 13, 2004, OFO denied the request for reconsideration (p. 54). OFO denial also notified Mr. Joseph he had 90 days from the date he received their decision to file a civil action in the appropriate District Court. On September 22, 2004, Mr. Joseph submitted a request for a hearing to the OFO (p. 56). It does not appear that OFO responded to his request for a hearing.

Plaintiff's lawsuit should be dismissed because this Court lacks subject matter jurisdiction. Since Plaintiff's claims arise out of an alleged on-the-job injury, and DOL's subsequent handing of his claim, Plaintiff's exclusive remedy lies under the Federal Employees Compensation Act, 5 U.S.C. §8103.

## ARGUMENT

### I.
### THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE FEDERAL EMPLOYEES COMPENSATION ACT PROVIDES PLAINTIFF WITH HIS EXCLUSIVE REMEDY

#### A. RELEVANT LEGAL STANDARD UNDER RULE 12

Federal Rule of Civil Procedure 12(b)(1) allows the Court to dismiss a case for lack of subject matter jurisdiction. A district court has the power to dismiss for

lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ynclan v. Dep't of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). In resolving disputed facts, a court may consider matters outside the pleadings, such as affidavits and testimony, in evaluating whether it has subject matter jurisdiction over a plaintiff's complaint. *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981).

### B. FECA PROVIDES JOSEPH WITH HIS EXCLUSIVE REMEDY

The Federal Employees' Compensation Act (FECA) provides compensation for personal injuries that a federal employee "sustained while in the performance of his duty. . . ." 5 U.S.C. § 8102(a) (1994). It functions as a federal workers' compensation act and provides a substitute for, not supplement to, recovery. *Bennett v. Barnett*, 210 F.3d 272, 276 (5th Cir.), *cert. denied*, 121 S. Ct. 181 (2000). "In enacting [FECA], Congress adopted the principal compromise--the 'quid pro quo'--commonly associated with workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Id.* at 276-77, citation omitted.

FECA, which applies to postal service employees through the Postal Reorganization Act (PRA) (39 U.S.C. 1005(c)), provides that the government will

pay compensation to an employee for disability or death resulting from "personal injury sustained while in the performance of his duty." 5 U.S.C. 8102(a). FECA "is a comprehensive statutory scheme that operates essentially as a federal workers' compensation law, the purpose of which is 'to provide quick and uniform coverage for work-related injuries. *Almaguer v. White*, No. CIV.ASA01CA1103-NN, 2002 WL 31396123 at *5 (W.D. Tex. Sept. 13, 2002) (*quoting Woodruff v. U.S. Dept. of Labor, Office of Workers' Compensation Program*, 954 F.2d 634, 639 (11th Cir. 1992)).

The FECA remedy is the exclusive remedy against the United States for federal employees who sustain damages because of a work-related injury that is within the scope of its coverage. *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998). An employee may receive no other remuneration from the United States while receiving workers' compensation under FECA. 5 U.S.C. § 8116(a); *Alexander v. Frank*, 777 F. Supp. 516, 524 (N.D. Tex. 1991). It is also well-settled that the Secretary's decision to award or deny compensation to a particular claimant is not subject to judicial review. *White v. United States*, 143 F.3d at 237; *see also Gill v. United States*, 641 F.2d 195, 197 (5th Cir. 1981) (decision of the Secretary of Labor (or his designee) respecting a FECA matter, including a claimant's eligibility for benefits, is not reviewable by a federal district court); *Alexander v. United States*, 777 F. Supp. at 525 (court has no jurisdiction over claims for injury compensation under FECA).

**Defendant's Motion to Dismiss - Page 7**
d:fed/psus/joseph/dismiss.wpd

Section 8128 of the Act states:

(a) The Secretary of Labor may review an award for or against payment of compensation at any time on his own motion or on application. The Secretary, in accordance with the facts found on review, may-

(1) end, decrease, or increase the compensation previously awarded; or
(2) award compensation previously refused or discontinued.

(b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is –

(1) final and conclusive for all purposes and with respect to all questions of law and fact; and
(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

Numerous courts have indeed held that FECA precludes any other claims against the government arising out of a claimant's dissatisfaction with the disposition of their federal workers' compensation claim, including discrimination claims. *See, e.g., Meester v. Runyon*, 149 F.3d 855, 857 (8th Cir. 1998), *cert. denied*, 119 S. Ct. 2018 (1999) (holding that a frustrated FECA claimant cannot secure judicial review of a FECA compensation decision by claiming that the Rehabilitation Act entitles him to accommodation in performing an alternative job position approved by the Department of Labor when the claim is predicated on the same illness or injury that gave rise to the DOL's initial decision); *Stubler v. Runyon*, 892 F. Supp. 228, 229-30 (W.D. Mo. 1994) (prohibiting discrimination claims based on the same work-related injury for which FECA benefits were sought), *aff'd*, 56 F.3d 69 (8th Cir. 1995); *Black v. Frank*, 730 F. Supp. 1087, 1090-91 (S.D. Ala. 1990)

(holding that FECA benefits constitute the government's exclusive liability because awarding a remedy under the Rehabilitation Act would "irreconcilably conflict" with FECA).

The crux of Plaintiff's grievance is his dissatisfaction over the handling and disposition of his OWCP claim. Plaintiff alleges the Defendant Postal Service discriminated against him in the handling of the paperwork associated with his (OWCP) claim.

Plaintiff's claims are similar to those of the plaintiff in *Almaguer*. There the plaintiff alleged her employing agency (the Army) discriminated against her based on gender, national origin and disability, when it conspired with OWCP to deny her benefits. *Almaguer*, 2002 WL. 31396123, at *1. The court correctly held that FECA precludes relief under Title VII and the Rehabilitation Act for injuries derived solely from compensation decisions made by the DOL under FECA. *Id.* at *4.

Plaintiff is directly challenging the compensation decisions made under FECA, although he is attempting to frame the challenge as a Title VII or Rehabilitation Act claim, which constitutes an impermissible collateral attack on a prior decision by the DOL. Because all of Plaintiff's OWCP claims directly relate back to his alleged April 1990 injury, where the DOL found the evidence submitted failed to establish that an injury was sustained, his complaint arises under FECA, and this Court is statutorily barred from reviewing those decisions.

**Defendant's Motion to Dismiss - Page 9**
d:fed/psus/joseph/dismiss.wpd

As a result, this Court has no subject matter jurisdiction to review Plaintiff's claims, and the Complaint must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction because Plaintiff's claims are barred under FECA, that all of Plaintiff's requests for relief be denied, that Defendant obtain its costs from Plaintiff, and that Defendant be granted such other and further relief to which he may be justly entitled.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

_____
D. GORDON BRYANT, JR.
Assistant United States Attorney
Texas State Bar No. 03274900
500 S. Taylor, Suite 300, LB #238
Amarillo, Texas 79101-2442
Tel:   806.324.2356
Fax:  806.324.2399

OF COUNSEL:
JOHN DYMOND
U. S. Postal Service
Law Department, SW Office
P. O. Box 227078
Dallas, TX 75222-7078

## CERTIFICATE OF SERVICE

I, D. Gordon Bryant, Jr., Assistant United States Attorney for the Northern District of Texas, do hereby certify that on the 23rd day of May, 2005, I mailed a true and correct copy of the foregoing to Alvin Joseph, 603 Arnold Place, Amarillo, Texas 79107.

_____
D. GORDON BRYANT, JR.
Assistant United States Attorney